# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-83-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| CHRISTOPHER CHARLES JONES, | |
| Defendant. | |

## I. Synopsis

Defendant Christopher Charles Jones (Jones) has been accused of violating the conditions of his supervised release. Jones admitted that the government could prove alleged violation 1. The Court dismissed alleged violation 2 on the government's motion. Jones's supervised release should be revoked. Jones should receive a custodial sentence of time served, with 53 months of supervised release to follow. Jones should be subject to home confinement until November 27, 2023. During the period of home confinement, Jones should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office. Jones should not be subject to electronic monitoring.

## II. Status

Jones pleaded guilty to Bank Fraud and Aggravated Identity Theft on February 16, 2018. (Docs 2-2, 2-3). The United States District Judge Clark Waddoups sentenced Jones to 60 months of custody, followed by 60 months of supervised release. (Doc. 2-2). Jones's current term of supervised release began on December 18, 2020. (Doc. 4 at 1).

**Petition**

The United States Probation Office filed a Petition on November 18, 2022, requesting that the Court revoke Jones's supervised release. (Doc. 4). The Petition alleged that Jones had violated the conditions of his supervised release by committing another crime on two separate occasions.

**Initial appearance**

Jones appeared before the undersigned for his initial appearance on November 28, 2022. Jones was represented by counsel. Jones stated that he had read the petition and that he understood the allegations. Jones waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 27, 2023. Jones admitted that the government could prove alleged violation 1. The Court dismissed alleged violation 2 on the government's motion. The violation that Jones admitted is serious and warrants revocation of Jones's supervised release.

Jones's violation is a Grade C violation. Jones's criminal history category is V. Jones's underlying offenses are Class B and E felonies. Jones could be incarcerated for up to 36 months. Jones could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Jones's supervised release should be revoked. Jones should receive a custodial sentence of time served, with 53 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Jones should be subject to home confinement until November 27, 2023. During the period of home confinement, Jones should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office. Jones should not be subject to electronic monitoring.

## IV. Conclusion

The Court informed Jones that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Jones of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Jones that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Jones stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Christopher Charles Jones violated the conditions of his supervised release by committing the crime described in alleged violation 1.

The Court **RECOMMENDS:**

> That the District Court revoke Jones's supervised release and commit Jones to the custody of the United States Bureau of Prisons for a term of time served, with 53 months of supervised release to follow. Jones should be subject to home confinement until November 27, 2023. During the period of home confinement, Jones should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office. Jones should not be subject to electronic monitoring.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 28th day of June, 2023.

John Johnston
United States Magistrate Judge